IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Claudia S. Martin, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17 C 2330 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| Cook County, Illinois, et al., | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff's Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [83] is denied without prejudice. See Statement below for further details.

**STATEMENT**

This matter is before the Court on Plaintiff's Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [83]. Plaintiff Claudia Martin was employed as an Adult Probation Officer by the Cook County Adult Probation Department. Plaintiff also served as Chief Union Steward for the Adult Probation Department officers. Plaintiff filed this lawsuit under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging she was fired from her job as an Adult Probation Officer because of her religious practice and in retaliation for reporting the alleged religious-based harassment and discrimination, and for her representation of union members. Plaintiff wants to take the video deposition of Chief Judge Timothy C. Evans who is named as a defendant in this case.

District courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). In determining whether there is good cause to limit discovery, courts have recognized that "depositions of public officials create unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994-95 (7th Cir. 1999); *see also Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (a court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings"). Even when a public official is a named defendant in a lawsuit, courts have recognized that a public official need not give a deposition in every case arising from the performance of his/her official duties "unless there is some reason to believe that the deposition will produce or lead to admissible evidence." *Olivieri v. Rodriguez*, 122 F.3d 406, 409-10 (7th Cir. 1997); *Hobley v. Burge*, 2007 WL 551569, at *2 (N.D. Ill. Feb. 22, 2007) (recognizing that "the deposition of a high ranking public official creates unique concerns; it

should not be a routine part of civil litigation"); *Cannon v. Burge*, 2007 WL 2410392, at *2 (N.D. Ill. Aug. 20, 2007). Courts have denied motions to compel depositions of public officials when there is insufficient reason to expect the depositions to yield relevant evidence unobtainable through other means.[1] If, on the other hand, the public official has discoverable information, "the parties may not be deprived of that information simply because of the official's status." *Hobley*, 2007 WL 551569, at *2. A party seeking to depose a high ranking official "must first demonstrate that there is some reason to believe that the deposition will produce or lead to admissible evidence." *Id.*

In her complaint, Plaintiff asserts she was discriminated against as a result of her religious beliefs and because of her work as Chief Union Steward. She alleges that she received threatening letters on January 15, 2015 and December 18, 2015. In her Motion, Plaintiff alleges that Chief Judge Evans and her supervisors were notified about the harassment she was experiencing. Plaintiff states in her Motion that the union president wrote a letter to Chief Judge Evans and enclosed the January 15 letter, and Plaintiff implies that Chief Judge Evans was sent a copy of the December 18 letter. Plaintiff, however, does not discuss in her complaint or cite any evidence in her motion that Chief Judge Evans has any personal knowledge or involvement in any of the events alleged in Plaintiff's complaint other than that he allegedly was notified and/or received copies of the threatening letters Plaintiff had received. Discovery in this case has revealed that Chief Judge Evans delegates personnel responsibilities to human resource employees in the Office of the Chief Judge and the Adult Probation Department.

In her motion, Plaintiff alleges that at a meeting in October 2005, ten years before she allegedly received the threatening letter, Chief Judge Evans stated that any Adult Probation Officer who was having any workplace related problems could write him a letter (either signed or anonymous) and he would attempt to resolve the problem. *See* Plaintiff's Motion [83], at 5. Plaintiff wants to depose Chief Judge Evans about any letters he may have received after this October 2005 meeting, how he responded, and what he did with these letters. Plaintiff further states in her Motion that Chief Judge Evans received anonymous letters regarding the alleged harassment and discrimination she was experiencing. *See* Plaintiff's Motion [83], at 6-8. Plaintiff argues that the information she seeks is obtainable only from Chief Judge Evans because only he knows what he did with the letters and how he responded. Other than the letter Plaintiff sent to Chief Judge Evans and the alleged anonymous letters he received, Plaintiff does not point to any other evidence that Chief Judge Evans has personal knowledge about the allegations in her complaint or facts relevant to the alleged harassment and discrimination she experienced.

The Court notes that the standard for the scope of permissible discovery has changed since some of the cases cited above were issued. Federal Rule of Civil Procedure 26(b) now

---

[1] *See, e.g.*, *Stagman*, 176 F.3d at 994 (holding that district court did not abuse its discretion in denying motion to compel deposition of Illinois Attorney General where evidence did not indicate a need for the deposition); *Olivieri*, 122 F.3d at 409-10 (holding that district court did not abuse its discretion in denying motion to compel deposition of police superintendent where the record indicated that interrogatories served on the superintendent would have been a sufficient means of developing evidence); *LaPorta v. City of Chi.*, 2016 WL 4429746, at *2 (N.D. Ill. Aug. 22, 2016) (denying motion to compel deposition of city mayor in case involving *Monell* claim because there was no reason to think the deposition would lead to admissible evidence that could not be obtained through interrogatories).

provides: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b). The rationale behind the cases cited above, however, still applies. In effect, those cases incorporated at the very least the proportionality filter that now is included expressly in Rule 26(b). In accordance with Rule 26(b), therefore, a party seeking to depose a high-ranking official must demonstrate as a threshold matter that the discovery sought "is relevant to any party's claim or defense and proportional to the needs of the case" and that "the burden … of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b).

The Court is not convinced on the record developed at this point in time that a deposition of Chief Judge Evans is proportional to the needs of the case. Without more to demonstrate that Chief Judge Evans has information that is relevant to this case and that the only, or at least the most appropriate, way to obtain that information is by way of a deposition, the Court finds that the burden of deposing Chief Judge Evans outweighs its likely benefit.

There are ways, however, for Plaintiff to develop the record more fully if she wants to do so. For example, Plaintiff could serve written interrogatories on Chief Judge Evans with specific questions designed to probe his relevant personal knowledge of the facts and claims she alleges in her complaint. The Court would allow her to serve those interrogatories despite the upcoming close of fact discovery in light of this Order. If Plaintiff wants to serve such interrogatories, she should do so within 10 days of the entry of this Order. *See, e.g., Olivieri*, 122 F.3d at 409 (proposing written interrogatories instead of deposing a public official).

The Court notes that some of the information Plaintiff discusses in her motion appears to be irrelevant to her claims and the facts she alleges in her complaint. In her motion, Plaintiff discusses other alleged conduct in the Adult Probation Department that is not referenced in her complaint and does not appear to be relevant to her claims. Plaintiff's interrogatories to Chief Judge Evans should seek information that is relevant to the claims and defenses in this case with the purpose of probing Chief Judge Evans's personal knowledge of those matters.

Chief Judge Evans can, if appropriate, object to any of Plaintiff's interrogatories and the Court can rule on those objections if they are presented to it for ruling. After Chief Judge Evans responds to the interrogatories, if it is clear that he, in fact, does have personal knowledge of matters relevant to the claims and defenses in this case, then the parties should meet and confer about next steps. If the parties cannot reach a resolution on their own, they may file a motion with Court to resolve the dispute either in the form of a joint motion to resolve the dispute (see procedure for filing such a joint motion on Judge Gilbert's web page) or in the traditional back and forth responsive motion practice used to present the issues in Plaintiff's current Motion. Any such motion shall include specific references to the facts Plaintiff believes are within Chief Judge Evans's personal knowledge and the reason(s) Plaintiff believes a deposition is necessary to further explore Chief Judge Evans's knowledge of those facts.

3

For all of the reasons discussed herein, Plaintiff's Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [83] is denied without prejudice.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: May 11, 2018