IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIA S. MARTIN, | ) |
| Plaintiff, | ) No. 17 C 2330 |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| COOK COUNTY, ILLINOIS, et al., | ) |
| Defendant. | ) |

## ORDER

Plaintiff's Renewed Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [102] is denied. See Statement for further details.

## STATEMENT

This matter is before the Court on Plaintiff's Renewed Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [102]. Plaintiff Claudia Martin was employed as an Adult Probation Officer by the Cook County Adult Probation Department. Plaintiff also served as Chief Union Steward for the Adult Probation Department officers. Plaintiff filed this lawsuit under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, alleging she was fired from her job as an Adult Probation Officer because of her religious practice and in retaliation for reporting alleged religious-based harassment and discrimination, and for her representation of union members.

On May 11, 2018, the Court denied Plaintiff's initial motion for leave to take the deposition of Defendant Chief Judge Timothy Evans. [ECF No. 95]. The Court instead allowed Plaintiff to serve written interrogatories on Chief Judge Evans "with specific questions designed to probe his relevant personal knowledge of the facts and claims she alleges in her complaint." *Id.* at 3. Plaintiff served Chief Judge Evans with interrogatories on May 16, 2018, and Chief Judge Evans responded to those interrogatories on June 18, 2018. [ECF Nos. 102-2 and 102-3]. Plaintiff has renewed her motion for leave to depose Chief Judge Evans and submitted three affidavits in support of her motion. [ECF Nos. 102-4, 102-5, and 102-6]. Plaintiff contends that Chief Judge Evans met with Plaintiff, Maggie Lorenc (counsel for AFSCME Local #3486), and James Dunaway (a staff representative) on January 28, 2015 to "discuss the harassing and threatening behavior that Adult Probation Officers were enduring from the new Management Team." [ECF No. 102-4], at ¶¶ 7, 9. According to the affidavits submitted by Martin and Lorenc, they also discussed at the meeting a January 20, 2015 letter Martin had just received. [ECF No. 102-4], at ¶ 10; [ECF No. 102-6], at ¶ 4. Plaintiff, however, does not mention this meeting in her Complaint, nor does she make any allegations regarding improper behavior or harassment prior to January 2015.

District courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). In determining whether there is good cause to limit discovery, courts have recognized that "depositions of public officials create unique concerns." *Stagman v. Ryan*, 176 F.3d 986, 994–95 (7th Cir. 1999); *see also Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) (a court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings."). Even when a public official is a named defendant in a lawsuit, courts have recognized that a public official need not give a deposition in every case arising from the performance of his or her official duties "unless there is some reason to believe that the deposition will produce or lead to admissible evidence. *Olivieri v. Rodriguez*, 122 F.3d 406, 409–10 (7th Cir. 1997); *Hobley v. Burge*, 2007 WL 551569, at *2 (N.D. Ill. Feb. 22, 2007) (recognizing that "the deposition of a high ranking public official creates unique concerns; it should not be a routine part of civil litigation"); *Cannon v. Burge*, 2007 WL 2410392, at *2 (N.D. Ill. Aug. 20, 2007). Courts have denied motions to compel depositions of public officials when there is insufficient reason to expect the depositions to yield relevant evidence unobtainable through other means.[1]

In the Court's view, these cases retain their vitality even though there were significant amendments of the Federal Rules of Civil Procedure that took effect on December 1, 2015. If anything, the proportionality analysis that is now explicit in Rule 26(b)(1) reinforces the rationale of these cases.

The Court has reviewed the affidavits submitted by Plaintiff and finds that nothing in the affidavits submitted suggests a clear need to depose Chief Judge Evans. Plaintiff does not discuss in her Complaint nor cite any evidence in her Motion that Chief Judge Evans has any personal knowledge or involvement in any of the events alleged in her Complaint other than he allegedly was notified and/or received copies of the threatening letters Plaintiff had received and he attended a meeting on January 28, 2015. Notably, in response to Plaintiff's Interrogatory No. 10, which asks about the January 20, 2015 anonymous letter received by Martin and what actions, if any, Chief Judge Evans took in response to the letter, Chief Judge Evans stated: "I became personally aware of the communication reproduced above during the process of responding to these interrogatories. I did not personally take action or order any action to be taken; as stated, I was not aware of this communication at the time it was sent. The process for responding to these types of communications is described in Interrogatory #3." [ECF No. 102-3], at ¶ 10.

Plaintiff suggests that the three affidavits submitted in support of her Motion prove that many of the documents that were the subject of Plaintiff's Interrogatories were discussed face-to-face with Chief Judge Evans at the January 28, 2015 meeting. However, only two of those letters are dated prior to the January 28, 2015 meeting. Another letter is dated January 2015. The Court

---

[1] *See, e.g., Stagman*, 176 F.3d at 994 (holding that district court did not abuse its discretion in denying motion to compel deposition of Illinois Attorney General where evidence did not indicate a need for the deposition); *Olivieri*, 122 F.3d at 409–10 (holding that district court did not abuse its discretion in denying motion to compel deposition of police superintendent where the record indicated that interrogatories served on the superintendent would have been a sufficient means of developing evidence); *LaPorta v. City of Chi.*, 2016 WL 4429746, at *2 (N.D. Ill. Aug. 22, 2016) (denying motion to compel deposition of city mayor in case involving *Monell* claim because there was no reason to think the deposition would lead to admissible evidence that could not be obtained through interrogatories).

agrees with Defendant that, at most, the evidence presented by Plaintiff in support of her renewed Motion suggests that Chief Judge Evans may or could have been told about Plaintiff's contentions regarding improper behavior by APD management prior to January 2015. However, it is clear, based on Chief Judge Evans's responses to the interrogatories that, if he was aware of the allegations at some point in January 2015, he has no recollections of them today.

"The fact that Plaintiff does not like or does not belief [Chief Judge Evans's] interrogatory answers is an insufficient basis to allow Plaintiff to proceed with a deposition of [Chief Judge Evans]." *Bless v. Cook County Sheriff's Office*, 2017 WL 1344522, at *3 (N.D. Ill. Apr. 12, 2017). Further, Plaintiff does not cite any case law that suggests a court should disregard Chief Judge Evans's denial that he does not have personal knowledge about Plaintiff's allegations. *Id.* at *3. Plaintiff has submitted affidavits from three other individuals in support of her allegations; she already has obtained information from other sources, and the Court is not persuaded that Chief Judge Evans has any particularized information that could not be or already has been obtained from other sources. In response to Plaintiff's interrogatories, Chief Judge Evans has made clear he has no personal knowledge about Plaintiff's allegations other than what he learned when responding to her interrogatories. This Court has no reason to doubt Chief Judge Evans's responses. In the Court's view, deposing Chief Judge Evans would serve little purpose other than to disrupt "a busy official who should not be taken away from his work to spend hours or days answering lawyers' questions. *Olivieri*, 122 F.3d at 409.

For these reasons, Plaintiff's Renewed Motion for Leave to Take the Video Recorded Deposition of Chief Judge Timothy C. Evans [102] is denied.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: September 28, 2018